At a subsequent term the defendant obtained a rule upon the plaintiffs to show cause why so much of the former order as gives leave to amend should not be set aside for irregularity, error, and want of authority to grant such leave; on the argument of which the court intimated an opinion that the order was irregular, but referred it to this Court to decide whether the rule should be made absolute.
The question was elaborately argued at a former term, by Strong for the plaintiffs and F. Williams for the defendants; when the Court took time to advise. And now, at this term, their opinion was delivered by —
This question is, in effect, whether the court below had power to allow the amendment; for if the court had no authority, the granting the order was a perfect nullity.
If a strict and literal construction be placed upon the act of 1790, it will be found that in no case whatever can matter of
(112) form be amended whereby any end is obtained, for by the words *Page 89 
of the act this power seems only to be exercisable as to imperfections which are not set down as causes of demurrer. And by the preceding part of the same act such defects are cured by not being demurred to.
The last part of the section, however, has these general words: "That the said courts may, at any time, permit either of the parties to amendanything in the pleading and process upon such conditions as the said courts respectively shall, in their discretion and by their rule, prescribe."
Unless, therefore, the courts under these last words have power to permit the parties to amend in cases of special demurrer, the consequence would be that the plaintiff may be permitted to amend, in substance, though there be a general demurrer. And yet, as to a mere slip in matter of form, not essential to the justice of the case, which had been seized upon by vigilant counsel, the hands of the court were completely tied.
As, therefore, this construction can be completely obviated by allowing to the latter words an import which they certainly bear, that of amendinganything at any time, we are of opinion it was competent for the court below to make such order, and that the rule for setting aside the order be discharged.
NOTE. — See S. c., reported in 6 N.C. 202.
Cited: McClure v. Burton, ante, 85; Williams v. Lee, post, 578; Grist v.Hodges, 14 N.C. 200; Quiett v. Boon, 27 N.C. 9; Lane v. R. R., 50 N.C. 26.